# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | |
|---|---|
| WARREN SKILLERN, | ) |
| Plaintiff, | ) ) ) |
| v. | )    Case No. CV606-22 |
| JUDGE RICHARD STORY and JUDGE W. LEON BARFIELD, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Georgia State Prison, has submitted a document purporting to be a petition for habeas corpus. A review of this pleading, however, demonstrates that the petition is in fact a civil action seeking a declaratory judgment that Skillern may continue to freely file habeas corpus petitions with the federal courts. Plaintiff seeks to proceed *in forma pauperis.*

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff here is a frequent filer in the federal courts, having instituted forty-six various actions in the Northern and Southern Districts of Georgia since 2001.[1] At least three of these complaints have been dismissed under §1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to

---

[1] Plaintiff originally filed his many suits in the Northern District. In 2003, the Northern District sought to quell his seemingly endless frivolous filings by instituting a filing ban. Skillern v. Becky Tierce, CV 202-0106-RWS, doc. 102, p. 5 (N.D. Ga. Oct. 22, 2003). While plaintiff continues to file actions in the Northern District, he has also burdened this Court with eleven new cases since late 2003.

state a claim upon which relief may be granted, or seeking relief from an immune defendant. See Skillern v. Tierce, No. 03-11529-B (11th Cir. Sept. 22, 2003) (dismissing appeal as frivolous); Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (dismissing appeal as frivolous); Skillern v. Ga. Dep't of Corr., CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissing for failure to state a claim); see also Skillern v. Paul, CV606-6, doc. 4 (S.D. Ga. Jan. 17, 2006) (recommending dismissal of case based on three strikes provision). These cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's complaint must be dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint alleges that he has been deprived of the ability to seek habeas corpus relief due to a filing ban imposed by the United States District Court for the Northern District of Georgia and threats of a similar ban here in the Southern District of Georgia. Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma*

*pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint, accompanied by the full $250.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 27th day of March, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA