# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WARREN SKILLERN,                    )
                                    )
        Plaintiff,               )
                                    )
v.                                  )    Case No.  CV606-22
                                    )
JUDGE RICHARD STORY and             )
JUDGE W. LEON BARFIELD,             )
                                    )
        Defendants.              )

## <u>O R D E R</u>

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2006.

_____
**B. AVANT EDENFIELD**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV606-22 |
| | ) | |
| JUDGE RICHARD STORY and | ) | |
| JUDGE W. LEON BARFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2006.

_____
**B. AVANT EDENFIELD**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION



| | | |
|---|---|---|
| WARREN SKILLERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV606-22 |
| | ) | |
| JUDGE RICHARD STORY and | ) | |
| JUDGE W. LEON BARFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff previously filed a complaint labeled as a habeas petition under 28 U.S.C. § 2254 but construed by the Court as a civil action seeking a declaratory judgment.  Docs. 1, 3.  Plaintiff seeks to proceed in forma pauperis.  Doc. 2.

In a March 28, 2006 Report and Recommendation, the undersigned recommended dismissing plaintiff's complaint pursuant to the "three strikes" provision found in 28 U.S.C. § 1915(g), which bars IFP civil actions by prisoners who have previously had at least three civil actions dismissed as frivolous, malicious, or for failure to state a claim.  Doc. 3.  The Court adopted the Report and Recommendation and dismissed the case.  Doc. 6. Plaintiff filed a notice of appeal and requested a Certificate of Appealability.

Docs. 8, 9.  The Court denied plaintiff's request, finding that a Certificate of Appealability is unnecessary to appeal a § 1983 action.  Doc. 10.  In the same Order, the Court noted that plaintiff is a "serial filer of frivolous lawsuits" and directed the Magistrate Judge "to scan the docket and file a supplemental R&R advising the undersigned whether Mr. Skillern is eligible for '§ 1915(g)-plus' treatment."  Doc. 10.

Plaintiff is no stranger to the courts in this district, having filed thirteen cases in this district in a little over three years.  This year alone, plaintiff has instituted nine cases in this Court.  Plaintiff's latest cases are either unwarranted § 1983 complaints barred by 28 U.S.C. § 1915(g) or untimely habeas petitions that should have been brought in the Northern District of Georgia.[1]  Since 2002, plaintiff has filed eleven civil actions, excluding habeas petitions, in the Northern District that have been dismissed as frivolous.[2]  See Skillern v. Benton, 1:05-CV-0911, doc. 3 (N.D. Ga. April 28, 2005) (dismissing claims as frivolous under § 1915A and listing four previous cases also dismissed as frivolous).  He has filed another

---

[1]This Court has consistently transferred plaintiff's habeas petitions to the Northern District.  Plaintiff's abuse of the courts in the Northern District has led to a strict filing ban there.  Skillern v. Tierce, CV 202-0106-RWS, doc. 102, p. 5 (N.D. Ga. Oct. 22, 2003).  This filing ban is aimed at plaintiff's attacks on his 1994 convictions.  Plaintiff stubbornly persists in filing cases in the Northern District but also has directed his frivolous filings to the Southern District in an attempt to subvert the Northern District's ban.  All plaintiff has done is create a further waste of judicial resources and time, as well as subjecting himself to a similar filing ban in this district.

[2]These cases are numbered as follows:  2:2002-CV-00028, 2:2002-CV-00064, 2:2002-CV-00065, 2:2002-CV-00106, 2:2002-CV-00165, 2:2002-CV-00166, 2:2002-CV-00213, 1:2005-CV-00081, 1:2005-CV-000372, 1:2005-CV-000911, and 1:2006-CV-00589.

eleven cases in the Northern District dismissed as barred by the § 1915(g) three strikes rule.[3] This Court has avoided reaching the merits of plaintiff's multiple civil actions filed here by dismissing them pursuant to § 1915(g).[4] In total, plaintiff has filed twenty-seven civil actions, other than habeas petitions, in less than four years, none of which have been found to have any merit.

Plaintiff also persists in filing multiple federal habeas petitions in this state.  Plaintiff has filed no less than nineteen different federal habeas corpus petitions in the past five years.[5]  Though this Court has consistently transferred plaintiff's habeas corpus petitions to the proper forum, a review of these petitions indicates that they are subject to immediate dismissal upon transfer, both due to the substance of the petitions and the Northern

---

[3]See 2:2002-CV-00189, 2:2002-CV-00190, 2:2002-CV-00191, 2:2002-CV-00192, 2:2002-CV-00202, 2:2003-CV-00001, 2:2003-CV-00004, 2:2003-CV-00012, 2:2004-CV-00198, 1:2004-CV-03393, and 1:2005-CV-02269.

[4]Four of his nine cases brought this year in this Court were § 1983 actions dismissed pursuant to § 1915(g): CV606-6, CV606-17, CV606-18, and CV606-22. A fifth, CV606-47, is pending and subject to dismissal under § 1915(g).

[5]Plaintiff has filed six habeas petitions in the Southern District of Georgia and one in the Middle District of Georgia, which have been transferred to the Northern District of Georgia.  He has also filed eleven habeas petitions in the Northern District and one in the Southern District that were dismissed.  These figures exclude civil actions styled as habeas petitions by plaintiff but construed as § 1983 complaints by the courts.

District's filing ban.[6]  These petitions have been routinely dismissed as
untimely or successive.[7]

Plaintiff is another in a long line of abusive prisoner litigants this
Court has encountered.  The Court has created a remedy to combat the
relentless stream of frivolous filings with which these prisoners have
burdened the Court.  This remedy, which is derived from § 1915(g)'s three
strikes provision, is denominated "§ 1915(g)-*plus*" treatment by this Court.

---

[6]The Northern District created its filing ban in Skillern v. Tierce, CV 202-0106-RWS, doc. 102, p. 5 (N.D. Ga. Oct. 22, 2003):

> [In addition to banning plaintiff from filing any motions in the instant action], the Court **ENJOINS** Plaintiff Warren Skillern from filing any future actions arising out of the arrest, trial, conviction and appeal of his 1994 convictions in Cherokee and Gordon Counties, without first obtaining leave of the Court. If Plaintiff wishes to file an action with this Court in the future, he must submit to the Court for consideration (1) a Petition for Leave to File, (2) a proposed filing, (3) an affidavit stating that Plaintiff's claims were not the subject of prior adjudication by this Court, and (4) a copy of this Order. . . . The Clerk is further **DIRECTED** not to docket any future filings in such circumstances until this Court issues an Order so directing.

[7]See, e.g., Skillern v. Smith, CV 202-161-RWS, doc. 11 (N.D. Ga. April 7, 2003) (dismissing § 2254 petition as successive following an initial petition deemed untimely). Petitioner has a 1994 conviction in Gordon County. Any challenge to that conviction is both untimely and successive. See Skillern v. Smith, 2:02-CV-00030, doc. 21, adopted by doc. 33 (N.D. Ga. Dec. 20, 2002) (dismissing habeas petition for Gordon County conviction as untimely); see also Skillern v. Smith, 4:04-CV-0098, doc. 8, adopted by doc. 11 (N.D. Ga. May 20, 2004) (dismissing habeas petition for failure to follow directions of the Court, noting five habeas petitions attacking his Gordon County conviction dismissed as successive). Petitioner also has a 1994 conviction from Cherokee County. Petitioner's habeas petitions related to this conviction have been dismissed for failure to exhaust his state remedies, as required by § 2254(b)(1). See Skillern v. Smith, 2:02-CV-00029, doc. 20, adopted by doc. 28 (N.D. Ga. Dec. 20, 2002) (dismissing habeas petition for Cherokee County conviction for failure to exhaust). Furthermore, the Northern District has adhered its filing ban and dismissed plaintiff's habeas petitions when transferred in from this district. See, e.g., Skillern v. State of Georgia, 1:06-CV-0625-WSD, doc. 4 (N.D. Ga. April 17, 2006) (administratively closing habeas petition after transfer from Southern District of Georgia).

4

An abusive litigant who is accorded "§ 1915(g)-*plus*" status is restricted from filing any documents with the Court, with three narrow exceptions,[8] until the litigant pays his entire accrued filing fees with the Court. See Heard v. Wetherington, CV602-107, doc. 14 (S.D. Ga. March 7, 2003); Carswell v. Moxley, CV602-138, doc. 22 (S.D. Ga. June 11, 2003); Milanovich v. Smith, CV601-85, doc. 13, p. 3, n. 3 (S.D. Ga. Sept. 12, 2001) (prisoner owed the Court $1,470 in accrued filing fees). According a litigant "§ 1915(g)-*plus*" status is derived from the Court's inherent power to control its dockets and protect against serial, abusive litigants. Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Plaintiff has apparently not learned from his many previous filings that this Court is statutorily prohibited from entertaining additional § 1983 complaints without plaintiff paying the full filing fee pursuant to § 1915(g). Nor has prisoner learned that this Court will not consider habeas petitions that are improperly filed in this District. Plaintiff has wasted enough of

---

[8]Plus-status filers are only allowed to file "(1) filings in any criminal proceeding brought against him; (2) a timely filed reconsideration motion showing why this sanction should not be applied to him; and (3) any filing that argues that Plaintiff has been denied access to the state courts." Clarke v. United States Sec'y of the Interior, 2005 WL 2237604, *5 (S.D. Ga. Aug. 22, 2005).

this Court's limited time and resources. Based on a review of plaintiff's filing history, plaintiff is clearly an abusive and serial filer who should be accorded "§ 1915(g)-*plus*" status.

Every future submission by plaintiff in this or any case should not be filed unless that submission is (1) in a criminal proceeding brought against him; (2) a timely filed reconsideration motion showing why this sanction should not be applied to him; or (3) a pleading that argues that plaintiff has been denied access to the state courts.[9]  The Clerk should be DIRECTED to refer any further submissions by plaintiff in any civil action to Judge Edenfield for prompt transfer or dismissal.

**SO REPORTED AND RECOMMENDED this** 8th **day of May, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[9]Future habeas petitions may be immediately transferred to the Northern District of Georgia or dismissed because they are untimely and/or successive, as noted above. The Eleventh Circuit has concluded that the provisions of the PLRA pertaining to filing fees do not apply to habeas corpus cases. Anderson v. Singletary, 111 F.3d 801, 803-05 (11th Cir. 1997).  However, "habeas courts need give no more than summary consideration to repetitive petitions." Hardwick v. Doolittle, 558 F.2d 292, 295 (5th Cir. 1977) (citing Salinger v. Loisel, 265 U.S. 224, 231-32 (1924)).